**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 8 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE HECTOR MARROQUIN AZUCENA; SARAI ABIGAIL PENA DE MARROQUIN; J. R. M. P., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 24-4743 <br><br> Agency Nos. <br> A220-517-067 <br> A220-517-074 <br> A220-517-068 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 20, 2026[**]
San Francisco, California

Before: COLLINS, JOHNSTONE, and DE ALBA, Circuit Judges.

Petitioner Jose Hector Marroquin Azucena ("Marroquin"), and his wife and

minor child (collectively "Petitioners"), natives and citizens of El Salvador, seek

review of the Board of Immigration Appeals' ("BIA") dismissal of the immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the BIA agrees with some of the IJ's reasoning and supplements that reasoning with its own analysis, we review the decisions of the BIA and the IJ to the extent that the BIA agreed with the IJ's conclusions. *See Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). "We review the denial of asylum, withholding of removal, and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id*. While the ultimate question of whether a particular social group ("PSG") is cognizable is a question of law reviewed de novo, questions regarding particularity and social distinction involve factual issues that are reviewed for substantial evidence. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020).

1.      Substantial evidence supports the agency's determination that Petitioners failed to establish that any past or feared future persecution in El Salvador was or would be on account of a protected ground. To be eligible for

---

[1]      Marroquin filed his applications for asylum and related relief with his wife and son as derivative beneficiaries. The derivative applicants also filed applications for asylum and related relief based on the same facts.

asylum, Petitioners must establish that they are "unable or unwilling" to return to El Salvador due to past persecution or a well-founded fear of future persecution on account of race, religion, nationality, political opinion, or membership in a PSG. *Baghdasaryan v. Holder*, 592 F.3d 1018, 1022–23 (9th Cir. 2010) (quoting 8 U.S.C. § 1101(a)(42)(A)). PSG refers to a group that is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180 (9th Cir. 2021) (internal quotation marks and citation omitted).

Substantial evidence supports the agency's determination that Petitioners' proposed family-based PSGs—"The immediate family members of Jose Hector Marroquin Azucena" and "The Marroquin Family in El Salvador"—lacked social distinction. "Social distinction requires 'those with a common immutable characteristic [to be] set apart, or distinct, from other persons within the society in some significant way.'" *Id.* (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 238 (BIA 2014)). Although family is important within Salvadoran society, the record does not compel a finding that Petitioners' family in particular is a group separate and distinct within their society in some significant way. Marroquin testified that his surname is unique in the city where he lived in El Salvador, but the agency reasonably determined that this testimony was insufficient to meet

Petitioners' burden. *See id.* at 1181 ("[S]ocial distinction encompasses principles that will ordinarily demand some type of corroborative, objective evidence other than [a petitioner's] testimony." (internal quotation marks and citation omitted)).

Substantial evidence also supports the agency's determination that Petitioners' proposed PSG composed of "Salvadoran witnesses to gang murders who cooperate with the police" lacked social distinction. Although Petitioners point to record evidence showing the difficulty in El Salvador of getting witnesses to testify against gangs and instances in which witnesses to gang violence were harmed, they fail to point to evidence in the record showing that this proposed PSG is regarded as a socially distinct group within Salvadoran society. *See Conde Quevedo*, 947 F.3d at 1243 (holding that "[s]ubstantial evidence supports the BIA's conclusion" that "persons who report the criminal activity of gangs to the police are [not] perceived or recognized as a group by society in Guatemala"); *cf. Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1091–92 (9th Cir. 2013) (en banc) (holding that the "social visibility" of witnesses who testify in open court against cartel members is supported by evidence that Salvadoran society sees them as a social group and that El Salvador has passed legislation to protect them).

As to the proposed PSG composed of "Salvadorans taking concrete steps to oppose gang authority," the agency correctly found that it lacked particularity. "[T]he particularity inquiry recognizes that the social group must be defined by

characteristics that provide a clear benchmark for determining who falls within the group, such that the group possesses discrete and . . . definable boundaries." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1077 (9th Cir. 2020) (internal quotation marks and citation omitted). "As a general matter, the BIA may conclude that a proposed social group is insufficiently particular when the group definition involves terminology that is undefined or unexplained in the record." *Andrade v. Garland*, 94 F.4th 904, 911 (9th Cir. 2024). The agency properly determined that the phrase "concrete steps to oppose" is not sufficiently defined in the record. As such, Petitioners did not establish that this proposed PSG had the necessary "definable boundaries" to determine group membership. *See id.*

Regarding withholding of removal, "[a] failure to satisfy the lower standard of proof required to establish eligibility for asylum . . . necessarily results in a failure to demonstrate eligibility for withholding of [removal]." *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000). Because Petitioners are ineligible for asylum as their proposed PSGs are not cognizable, they are also ineligible for withholding of removal.

Because these conclusions are dispositive of Petitioners' claims for asylum and withholding of removal, we need not address Petitioners' other arguments concerning such relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per

curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

2. To qualify for CAT relief, Petitioners must show "a chance greater than fifty percent that [they] will be tortured if removed" to El Salvador. *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1154 (9th Cir. 2022) (quoting *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011)). Petitioners "must also establish that [they] would experience torture with the acquiescence" of government officials. *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020) (internal quotation marks and citation omitted). Substantial evidence supports the agency's denial of Petitioners' claim for CAT relief. The agency reasonably concluded that Petitioners had failed to show that Salvadoran officials would acquiesce in future torture of Petitioners. *See B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022).

**PETITION FOR REVIEW DENIED.**